UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

DAVID WILLIAM NAIL,

    Plaintiff,

v.                                                       Case No. 1:14-cv-459
                                                        HON. ROBERT HOLMES BELL
ELLEN S. CARMODY
AND JANET T. NEFF,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff David William Nail filed this civil action pursuant to 42 U.S.C. § 1983, asserting that Defendants United States Magistrate Judge Ellen S. Carmody and United States District Judge Janet T. Neff violated his constitutional rights in the manner in which they handled a previous action filed by Plaintiff in this court. Plaintiff states that in that action, *Nail v. Myers, et al.*, Case Number 1:12-cv-1345, he sought to challenge violations to the United States Constitution by the states of Michigan and Indiana. Plaintiff asserts that in Magistrate Judge Carmody's report and recommendation, she misrepresented the contents of Plaintiff's complaint. In addition, Plaintiff states that Judge Neff engaged in misconduct when she upheld Magistrate Judge Carmody's report and recommendation. Plaintiff states that both Defendants failed to address the unconstitutionality of the creation of MCL 750.350(a), which Plaintiff had asserted in his complaint. In addition, Plaintiff states that the manner in which Defendants ruled on his complaint reveals that they were biased against him. Plaintiff seeks to have Magistrate Judge Carmody and District Judge Neff

removed from Case No. 1:12-cv-1345, as well as a complete reevaluation of that complaint. Plaintiff also seeks damages in the amount of $24,000,000.00.

Initially, the undersigned notes that, generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that conducting an initial review of a complaint filed by a plaintiff proceeding *in forma pauperis* and dismissing claims which are frivolous, malicious and or fail to state a claim are acts which are within the jurisdiction of a federal judge. *See* 28 U.S.C. § 1915(e)(2). Accordingly, Defendants are absolutely immune from liability. Because Defendants are clearly immune from liability in this case, Plaintiff may not maintain an action for monetary damages against them. 28 U.S.C. § 1915(e)(2)(B)(iii).

Moreover, injunctive relief is also not available under § 1983, because, under the 1996 amendments to that statute, injunctive relief "shall not be granted" in an action against "a

judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, his claim for injunctive relief is barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

Finally, should the court adopt the report and recommendation, Plaintiff's pending motion for ex parte injunctive relief (docket #4) is properly denied as moot.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   July 15, 2014